UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMES DENNIS | : | No. 10-233 |

MEMORANDUM

Pratter, J.                                                                                             December 7, 2011

## INTRODUCTION

On the morning his trial was to commence, James Dennis, represented by counsel, pled guilty to a one count indictment in which he was charged with possessing with intent to distribute 500 grams or more of cocaine. That was March 1, 2011. His guilty plea was first delineated at length in a written plea agreement and then examined at even greater length during a Rule 11 colloquy. The Court closely questioned Mr. Dennis and, after a thorough exchange with Mr. Dennis and all counsel, determined that Mr. Dennis was knowingly, voluntarily and deliberately pleading guilty because he was in fact guilty as charged. Before so doing, the Court also confirmed that Mr. Dennis was entirely satisfied with his counsel's representation and with his advice. Therefore, the Court accepted Mr. Dennis's plea.

Now, however, Mr. Dennis claims that "a boogeyman story"[1] made him enter the guilty plea. Consequently, Mr. Dennis wants to withdraw his guilty plea. The Court conducted a

---

[1] Mr. Dennis does not describe the plot of the "boogeyman story," only that his then lawyer "told me a boogeyman story as him being the parent and me being the child." 11/17/11 Tr. at 6. Mr. Dennis has new counsel for this Motion. The current lawyer is Mr. Dennis's third appointed counsel for this case. The lawyer who supposedly told the "boogeyman story" was the second lawyer to represent Mr. Dennis in this case and who represented Mr. Dennis at the plea hearing.

hearing on Mr. Dennis's motion during which he testified. Mr. Dennis was wholly unconvincing with his claim that his lawyer misled him - - with or without a "boogeyman story" - - and the Court denies his motion.

**DISCUSSION**

In accordance with Rule 11 of the Federal Rules of Criminal Procedure, at Mr. Dennis's plea hearing the Court closely, and in considerable detail, questioned Mr. Dennis about his awareness of his rights, his appreciation of the nature of the charges levied against him, the nature and terms of his plea agreement, his full acknowledgment of the potential maximum length of incarceration and other potential sentencing features to which he was exposed by pleading guilty, and his admission of all the material underlying facts forming the basis for his guilty plea.

Specifically, at the start of the guilty plea hearing, Mr. Dennis confirmed that he understood he was under oath, meaning that he had given his word to tell the truth. He also confirmed that he was feeling okay that day, and had the benefit of counsel,[2] with whose representation and advice he assured the Court he was satisfied at the time. Mr. Dennis also assured the Court (1) that he fully understood the charges against him, and (2) that by pleading guilty he understood that he was waiving and renouncing numerous rights and potential rights. At the conclusion of the lengthy plea hearing , Mr. Dennis entered a guilty plea because, he acknowledged, he was in fact guilty as charged. He declined the proffered opportunity to contradict, modify, explain or correct any of the statements made to the Court by any attorney or by Mr. Dennis himself as part of the Court's inquiry into the efficacy of the guilty plea. Satisfied

---

[2]Once again, this counsel was his second lawyer for the case, his first not meeting Mr. Dennis's expectations. At Mr. Dennis's request his first lawyer was replaced.

2

that he was telling the truth and was fully cognizant of his rights and risks, the Court accepted Mr. Dennis's plea and adjudged him guilty of the crime alleged.

Contrary to Mr. Dennis's claim now that he was "rushed" into a guilty plea, before the Court accepted the guilty plea at the March 1, 2011 hearing there was an extensive discussion between the Court and Mr. Dennis about whether or not he should go forward that day with a plea. In fact, during the plea hearing the Court stated to Mr. Dennis that he could have a couple of days more to talk over the pluses and minuses of entering a guilty plea, but Mr. Dennis himself persisted with a statement "Let's go on." 3/1/11 Tr. at 27. In response, the Court said - - and Mr. Dennis's counsel agreed - - that Mr. Dennis could take the remainder of the morning or the whole day to consider his plea options so that a plea hearing would only go forward if "everybody is totally onboard with it" and if "Mr. Dennis . . . [is] completely satisfied that he is making a decision that he accepts." 3/1/11 Tr. at 28. Mr. Dennis's repeated response was that he did not want to wait, that he wanted to proceed with the hearing and that he wanted to "go on ahead now." 3/1/11 Tr. at 28. Still, the Court asked Mr. Dennis another three or four times directly if he wanted to go ahead, if he was making his own decision in the matter and if he had had enough time to consider the guilty plea and the agreement. Each time Mr. Dennis answered in the affirmative. Indeed, Mr. Dennis even admitted at the November 17 hearing that he knew the Court would have given him more time at the time of the plea hearing to contemplate a plea. 11/17/11 Tr. at 27.[3]

---

[3] During the guilty plea colloquy there were several features of the prosecutorial process that Mr. Dennis stated he was unaware of in their full contours. He was then advised of the rights or opportunities as to which he claimed ignorance, e.g., the right to challenge the grand jury process. Ultimately Mr. Dennis confirmed he had no further questions about the rights he would relinquish if he pled guilty. 3/1/11 Tr. at 53.

As part of the explanation for his current motion, Mr. Dennis also tried to argue - - without much in the way of specifics or logic - - with some of the underlying facts or elements of the crime to which he entered a guilty plea, as well as making some suggestion that he may not have fully understood what his sentence would be.  None of what Mr. Dennis said at the plea withdrawal hearing bears any relationship to the events and circumstances of the plea hearing.  At the March plea hearing Mr. Dennis had agreed with the Government's detailed recitation of the underlying facts supporting the indictment for possession of cocaine with intent to distribute. 3/1/11 Tr. at 54-56.  Mr. Dennis did describe himself as a cocaine user, id, but he also expressly acknowledged that the drugs he possessed in this case were not all for his personal use and he intended to sell them.  3/1/11 Tr. at 57.  Elsewhere in the colloquy Mr. Dennis described himself as a drug user and seller.  3/1/11 Tr. at 20.  At the conclusion of the guilty plea hearing the Court was fully satisfied Mr. Dennis had admitted the facts attendant to the essential elements of the charges against him and that his guilty plea was knowing, intelligent, voluntary and not the result of fear, inadvertence, force, threats or any promises other than the express provisions of the plea agreement.

In contrast, at the November plea withdrawal hearing, Mr. Dennis, a 41 year old adult, determined to cling to the "boogeyman story" in connection with which he described himself as a child to his lawyer's role as a parent.  He did, however, admit that he recalled the lengthy colloquy from March.  He recalled being offered a postponement at least "four times," and he admitted that he believed what the Court told him throughout the "two hours" of the guilty plea hearing, including the admonition to take his time with the important decisions he was making.  Nothing Mr. Dennis said made his newly crafted criticisms of his prior lawyer, much less the "boogeyman

4

story" reference, plausible or believable.

**LEGAL STANDARD**

Mr. Dennis has no automatic or absolute right to withdraw his guilty plea.  United States v. Martinez, 785 F. 2d 111, 113 (3rd Cir. 1986); United States v. Trott, 779 F.2d 912, 915 (3rd Cir. 1985)  Indeed, given the solemn thoroughness required by the Federal Rules of Criminal Procedure for the evaluation of the tendering and acceptance of a guilty plea, it is understandable that a defendant such as Mr. Dennis may not lightly withdraw a guilty plea.  United States v. Hyde, 520 U.S. 670, 676 (1997); Brady v. United States, 397 U.S. 742, 748 (1970); United States v. Jones, 336 F. 3d 245, 252 (3rd Cir. 2003).

Mr. Dennis bears the heavy burden of establishing that there are valid grounds for withdrawing his guilty plea and "that burden is substantial."  Jones, 336 F. 3d at 252.   Pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), Mr. Dennis must demonstrate a "fair and just" reason to withdraw his guilty plea.  As part of that burden, Mr. Dennis must also present a persuasive reason why he took apparently contradictory positions under oath at his guilty plea hearing, lest other defendants be tempted to tie up the criminal justice system with disingenuous, and then recanted, Rule 11 statements.  See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); United States v. Jones, 979 F. 2d 317, 318 (3rd Cir. 1992).

To determine whether a defendant has met his substantial burden, the Court normally must weigh three factors: (1) whether the defendant asserts his innocence; (2) whether the Government would be prejudiced by the withdrawal; and (3) the strength of the reasons for seeking to withdraw the plea.  United States v. Brown, 250 F. 3d 811, 815 (3rd Cir. 2001); United States v. Trott, 779 F. 2d 912, 915 (3rd Cir. 1985).  "A shift in defense tactics, a change of mind, or the fear

5

of punishment are not adequate reasons . . ." Brown, 250 F. 3d at 815; see also Jones, 979 F. 2d at 318; Masciola v. United States, 469 F. 2d 1057, 1058-59 (3rd Cir. 1972).  A bald, bare bones claim such as Mr. Dennis's, i.e., that he entered a guilty plea because of a "boogeyman story" essentially, is analyzed under the third factor - - the strength of the reasons for seeking to withdraw the plea.[4]

Mr. Dennis's reason for the withdrawal of his guilty plea are directly, repeatedly and thoroughly contradicted by the guilty plea hearing of March 1, 2011.  He was not intimidated.  He was not tricked.  He was not misled.  He was not rushed.  He was deliberate and adamant.  He pled guilty and remains so.  The boogeyman did not make it happen, Mr. Dennis did.

The motion by Mr. Dennis to withdraw his guilty plea will be denied by the accompanying Order.

BY THE COURT:


  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[4] The Court acknowledges that Mr. Dennis made some initial passing effort to take issue with certain of the necessary elements that must support the conviction, but eventually once again admitted each of those requisite elements.  As much as Mr. Dennis may have hoped to maintain his actual "innocence," he did not do so.  He certainly did not "buttress" the idea of his innocence with record facts.  Brown, 250 F.2d at 818.